Arlen Specter, Dist. Atty., Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

**UNITED STATES of America ex rel.
John CRAWLEY**

v.

**Alfred T. RUNDLE, Supt.**

**Civ. A. No. 69–250.**

United States District Court,
E. D. Pennsylvania.

Nov. 6, 1970.

MEMORANDUM AND ORDER

BODY, District Judge.

Before the Court is relator's motion to reinstate appeal time, which he alleges is pursuant to Fed.R.Civ.P. 60(b).

This Court denied relator's petition for writ of habeas corpus on October 28, 1969 but found there was probable cause for appeal, 312 F.Supp. 15. In his pro se motion, relator acknowledges receipt of the Court's memorandum and order, but claims that he only learned two months ago that the certificate of probable cause for appeal meant that "the case had merit and should be appealed to the next Court above." He claims that since his receipt of the Court's memorandum and order, he made every effort to contact the Voluntary Defender Association by mail to ascertain the meaning of the Court's order, but that he got no response to his letters.

■ What petitioner seeks here is an extension of his time for appeal beyond the time limits stated in Fed.R.App.P. 4

1. See R. Sokol, Federal Habeas Corpus §. 6.1 (2d ed. 1969).

(a). Fed.R.Civ.P. 60(b) may not be used for such a purpose. Demers v. Brown, 343 F.2d 427 (1st Cir.), cert. denied, 382 U.S. 818, 86 S.Ct. 40, 15 L.Ed.2d 64 (1965); see Friedman v. Wilson Freight Forwarding Co., 320 F.2d 244 (3d Cir., 1963).

■ It is clear that relator's request—which, were it filed earlier, we might have considered as a notice of appeal under Fed.R.App.P. 4(a)—comes too late. Ninety days is the outermost limit allowable for a notice of appeal to be filed under Fed.R.App.P. 4(a). Relator's motion comes nearly a year after this Court's denial of his request for the writ of habeas corpus. One Circuit has held that the time for filing notice of appeal under its local rules only begins to run after appellant was notified of his right to appeal. In that case, however, the relator did not know, as he did here, that the district court had denied his request for the writ. Curry v. Wainwright, 416 F.2d 379 (5th Cir. 1969). Here, where Fed.R.App.P. 4(a) is applicable, there can be no notice of appeal filed beyond the time limits stated in that rule. Lindsey v. Perini, 409 F.2d 1341 (6th Cir. 1969).

### ORDER

And now, this sixth day of November, 1970, it is ordered that the motion of John Crawley for reinstatement of appeal time is denied.