**Edmond PFOTZER and E. John Pfotzer, Plaintiffs-Appellants,**

v.

**AMERCOAT CORPORATION and Ameron, Inc., Defendants-Appellees.**

**No. 518, Docket 76–7340.**

United States Court of Appeals, Second Circuit.

Argued Dec. 28, 1976.

Decided Jan. 13, 1977.

E. John Pfotzer (Edmond Pfotzer, on the brief), pro se.

Kevin J. Maher, Bridgeport, Conn. (Maher & Maher, Bridgeport, Conn., Adrian W. Maher, Bridgeport, Conn., on the brief), for defendants-appellees.

Before SMITH, ANDERSON and TIMBERS, Circuit Judges.

PER CURIAM:

Edmond Pfotzer and E. John Pfotzer ("the Pfotzers") appeal from the denial by the United States District Court for the District of Connecticut, Jon O. Newman, Judge, of their motion to set aside a stipulation of dismissal with prejudice. We affirm.

For purposes of this appeal the complicated procedural history of this controversy may be briefly summarized. In 1969 Amercoat Corporation and Ameron, Inc. ("Amercoat") sued the Pfotzers in the Superior Court for the State of Connecticut, Fairfield County, to collect payment for pipe delivered to the Pfotzers. The Pfotzers joined the City of Norwalk as a third-party defendant. In 1973 the Pfotzers filed a counterclaim in Superior Court, alleging breach of warranty and fraud. This counterclaim was dismissed on July 20, 1973.

On December 11, 1973 the Pfotzers sued Amercoat in the United States District Court for the District of Connecticut, alleging breach of warranty and fraud. The Pfotzers also began a similar action in the United States District Court for the District of Delaware. On November 13, 1974 Judge Newman ordered this suit dismissed with prejudice on the basis of a written stipulation agreed to by the Pfotzers and Amercoat. This written stipulation referred to an oral stipulation the parties had entered into before the Honorable Patrick B. O'Sullivan, Referee, in Superior Court on September 9, 1974. The written stipulation says "the parties are in dispute as to the terms of a stipulation entered into . . in the Superior Court of the State of Connecticut on September 9, 1974."

Judge Newman's dismissal with prejudice is a final judgment on the merits. *Cleveland v. Higgins*, 148 F.2d 722 (2d Cir.), *cert. denied*, 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428 (1945).

On March 11, 1976 the Pfotzers moved to set aside the November 13, 1974 stipulation of dismissal. Following a hearing, Judge Newman denied their motion on May 12, 1976, saying ". . . if, as plaintiffs allege, the outcome in the state court litigation somehow deprives plaintiffs of an enforceable right they believe they acquired pursuant to a stipulation entered in *that* litigation [on September 9, 1974], their remedy, if any, is to appeal [in the Connecticut courts] the unfavorable orders entered in the state court litigation."

Throughout the proceedings the Pfotzers have appeared *pro se*. Interpreting their motion and the supporting affidavits liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), the Pfotzers claim that the parties orally stipulated that the Pfotzers would be permitted to go forward in Superior Court with their counterclaim and that the Pfotzers would agree to the dismissal with prejudice of their two federal actions. The Pfotzers now seek relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, because of Amercoat's alleged fraud. Amercoat denies any fraud and claims ". . . the parties could not agree among themselves as to the actual meaning of the stipulation before State Trial Referee O'Sullivan." (Brief of Appellee, at 4).

We cannot, however, reach the merits of this dispute because Rule 60 provides that the Pfotzers' motion be made ". . . not more than one year after the judgment, order, or proceeding was entered or taken." *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 701–702 (2d Cir.) (per curiam), *cert. denied*, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972).

■ The Pfotzers seek to escape this provision of Rule 60 by arguing that Amercoat's fraud is on the court and that Rule 60(b) says it ". . . does not limit the power of a court . . . to set aside a judgment for fraud upon the court." We have carefully considered the record in this case. Assuming *arguendo* that the pleadings can be interpreted as alleging some sort of fraud on a court by Amercoat, we conclude that the fraud, if any, was on the Superior Court, not on the District Court. Judge Newman had no duty to ascertain whether the settlement conformed with the Superior Court stipulation; "it sufficed for the court to know the parties had decided to settle, without inquiring why." *Martina Theatre Corp. v. Schine Chain Theatres, Inc.*, 278 F.2d 798, 801 (2d Cir. 1960). See also *Kupferman v. Consolidated Research & Manufacturing Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972).

*Hadden v. Rumsey Products*, 196 F.2d 92 (2d Cir. 1952), upon which the Pfotzers rely, is not to the contrary. In *Hadden* a judgment creditor sought to enforce in the United States District Court for the Western District of New York ("New York Court") a judgment entered in the United States District Court for the Northern District of Ohio; this court held that the judgment debtor was entitled to introduce evidence in the New York Court on alleged fraud in the procurement of the Ohio judgment, treating an injunction action in the New York Court as an independent action to relieve defendant from the Ohio judgment. Here there is no attempt by Amercoat to use the District Court to enforce a judgment of the Superior Court, nor an independent action to relieve plaintiffs of any such judgment. There is here merely an untimely attempt to revive a parallel action on the underlying claim, too long abandoned.

Since the Pfotzers' motion was untimely under Rule 60, we hold that Judge Newman did not abuse his discretion in denying it. *Sampson v. Radio Corporation of America*, 434 F.2d 315, 317 (2d Cir. 1970).

Affirmed.