**UNITED STATES of America ex rel. Alonzo BONNER, Petitioner,**

v.

**WARDEN, STATEVILLE CORRECTIONAL CENTER, Respondent.**

No. 76 C 1321.

United States District Court,
N. D. Illinois, E. D.

March 15, 1978.

Kenneth N. Flaxman, Chicago, Ill., for petitioner.

William J. Scott, Atty. Gen. of Ill., Timothy B. Newitt, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM DECISION

MARSHALL, District Judge.

Petitioner brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 1976, we granted respondent's motion to dismiss because petitioner failed to exhaust his state court remedies by filing a post conviction petition. On October 13, 1976, we denied petitioner's motion to vacate. The Seventh Circuit Court of Appeals affirmed the decision on May 2, 1977. *United States ex rel. Bonner v. Warden,* 553 F.2d 1091 (7th Cir. 1977), *cert. denied,* 431 U.S. 943, 97 S.Ct. 2662, 53 L.Ed.2d 263 (1977). In August, 1977, petitioner filed a post conviction petition in the Circuit Court of Cook County and respondent moved to dismiss. On October 13, 1977, after hearing oral argument on the motion, the court granted the motion and dismissed the post conviction petition. Petitioner filed a notice of appeal, but the status of the appeal is not now known. Petitioner obtained a transcript of this proceeding on November 21, 1977. On November 28, 1977, he filed the instant motion pursuant to Fed.R.Civ.P. 60(b)(3) to vacate and set aside the final order entered October 13, 1976.

Petitioner argues that since respondent took contradictory legal positions in the state and federal proceedings, respondent is guilty of "misrepresentation by an adverse party" which justifies relief under Rule 60(b)(3). Specifically, petitioner asserts that in the earlier federal habeas proceeding, respondent successfully contended that a post conviction petition would not be precluded by the Illinois waiver rule because Illinois courts recognize an exception to the rule in comparable factual circumstances. Petitioner further argues that respondent, having obtained dismissal of the habeas petition, successfully argued that the waiver

doctrine did bar the post conviction petition in the state court. Respondent opposes the Rule 60(b) motion on the merits.

We hold that petitioner's motion must be denied because it was not timely filed under Rule 60(b)(3). Before analyzing the terms of Rule 60(b), it is necessary to clarify why the rule is applicable in habeas actions. The Federal Rules of Civil Procedure are applicable in habeas actions "to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(2); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. In *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 270, 98 S.Ct. 556, 564, 54 L.Ed.2d 521 (1978), the Court said that the Federal Rules of Civil Procedure are applicable in habeas corpus proceedings with respect to the timeliness of correcting or reopening a judgment. There, the Court was concerned with the timeliness of a motion under Rule 52(b) or Rule 59, and rigidly enforced the ten day limitation of these rules. Although the Court did not expressly hold that Rule 60(b) is applicable to habeas proceedings, lower courts have consistently done so. *Shabarekh v. City of Miami*, 443 F.2d 992 (5th Cir. 1971); *Keys v. Dunbar*, 405 F.2d 955 (9th Cir. 1965), *cert. denied*, 396 U.S. 880, 90 S.Ct. 158, 24 L.Ed.2d 138; *United States ex rel. Crawley v. Rundle*, 320 F.Supp. 1399 (E.D.Pa.1970).

■ In relevant part, Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment,

order, or proceeding was entered or taken.

This rule does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud upon the court.

The court may not extend the time limits prescribed in Rule 60(b). Fed.R.Civ.P. 6(b). Since petitioner filed his Rule 60(b) motion on November 28, 1977, and the judgment he seeks to set aside was entered on October 13, 1976, it is untimely under the rule.

■ Courts have frequently enforced the literal limitations provision of this rule. *See, e. g., Pfotzer v. Amercoat Corp.*, 548 F.2d 51 (2d Cir. 1977); *United States v. Standard Oil of California*, 73 F.R.D. 612, 614 (N.D.Cal.1977); *Lockwood v. Bowles*, 46 F.R.D. 625, 628 (D.D.C.1969); *see also, Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 809 n. 5 (7th Cir. 1969). The reasonable time provision does not extend the one year period. *United States v. Martin*, 395 F.Supp. 954, 960 n. 7 (S.D.N.Y.1975). Nor does the filing of an appeal toll the one year period. *Carr v. District of Columbia*, 177 U.S.App. D.C. 432, 441, 543 F.2d 917, 926 (1976); *Bershad v. McDonough*, 469 F.2d 1333 (7th Cir. 1972). In short, the time limitation set by Rule 60(b)(3), founded on the judicial interest in speedy disposition and finality, is mandatory and bars consideration of the motion.

■ We may consider, however, whether the judgment may be set aside under any other part of Rule 60(b). The one year time limitation does not apply to subsection (6) of Rule 60(b), nor to an independent action to set aside the judgment for fraud upon the court. Motions under these provisions must be filed within a reasonable time, which may exceed one year from the date of the judgment. *L. M. Leathers' Sons' v. Goldman*, 252 F.2d 188, 190 (6th Cir. 1958). The instant motion was clearly filed within a reasonable time. The motion alleges that respondent took inconsistent and contradictory legal positions in the federal and state proceedings. It was filed within two months of the state court ruling, and only seven days after petitioner obtained a tran-

script of the state court argument and ruling.

Nevertheless, the motion is not well founded under either Rule 60(b)(6) or under the independent action clause of Rule 60(b). Petitioner may not circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b). *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699 (2d Cir. 1971), *cert. denied*, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972). And the phrase, fraud on the court, is generally limited to egregious conduct attacking the judicial machinery itself, such as bribing a judge. *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976); *Kenner v. C. I. R.*, 387 F.2d 689 (7th Cir. 1968), *cert. denied*, 393 U.S. 841, 89 S.Ct. 121, 21 L.Ed.2d 112 (1968). The fact that respondent took inconsistent legal positions in this court and in the state court does not begin to approach the magnitude of fraud upon the court. Were it necessary to reach the issue, it is doubtful that the allegation would amount to misconduct of an adverse party justifying relief under Rule 60(b)(3). Different attorneys represented respondent in the federal and state proceedings, and it is not improper to assert alternative legal theories.

It is unfortunate if a federal court decision on the merits of petitioner's habeas petition has been further delayed by the interposition of this motion, clearly untimely, under Rule 60(b)(3). We are cognizant of the concern voiced in *United States ex rel. Williams v. Brantley*, 502 F.2d 1383 (7th Cir. 1974) about subjecting prisoners to a seemingly endless shuttle between state and federal courts. As we stated over a year ago, petitioner may return to this court after he has exhausted state court remedies. The proper method is to file a new petition for a writ of habeas corpus at the appropriate time. He may, if necessary, request leave to proceed in forma pauperis. But under the clear and inflexible provisions of Rule 60(b)(3), petitioner's motion must be denied because it is untimely. We call to petitioner's counsel's attention that a new habeas petition will be assigned to us under Local Rule 2.21(D)(2).