**DANKESE ENGINEERING, INC., Plaintiff,**

v.

**IONICS, INC. et al., Defendants.**

**Civ. A. No. 72–3901.**

United States District Court, D. Massachusetts.

Feb. 10, 1981.

See, also, D.C., 469 F.Supp. 149.

Joseph P. Dankese, pro se.

Malloy & Sullivan, Ralph Warren Sullivan, Hingham, Mass., for Dankese Engineering, Inc.

Laura Steinberg, Edward R. Lev, Sullivan & Worcester, Boston, Mass., for Ionics, Inc.

Jerome P. Facher, Hale & Dorr, Boston, Mass., for American Research & Development Corp.

**156**

MEMORANDUM

CAFFREY, Chief Judge.

This is a motion under Fed.R.Civ.P. 60(b) to set aside a final judgment entered in favor of the defendants by this Court on March 28, 1979. The Court of Appeals for the First Circuit affirmed the decision, per curiam, on December 10, 1979.

The plaintiff's 1972 complaint alleged that defendant Ionics, Inc. violated §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, by conspiring with defendant American Research and Development Corp. (ARD) to prevent introduction of the Dankese product into the dairy and cheese whey desalting market and by attempting to monopolize such market. The complaint alleged, in addition, that Ionics maliciously interfered with the plaintiff's advantageous business position. ARD was also a defendant on two of the three claims, the Sherman Act § 1 conspiracy and the state law tort. This Court granted summary judgment for both defendants on all claims in March 1979.

■ Dankese Engineering, Inc., does not state which sub-part of Fed.R.Civ.P. 60(b) serves as the primary basis for its motion, but its supporting memorandum points toward Fed.R.Civ.P. 60(b)(3): "On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: .... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." The plaintiff contends that defendant Ionics, Inc., through its officers and attorneys, engaged in a pattern of fraudulent conduct by falsely answering questions in depositions and open court on its research and development of reverse-osmosis (RO) or ultra-filtration (UF) membranes. The discovery of a previously undisclosed patent, arguably related to RO–UF membranes, the application for which was filed by the President of Ionics in August of 1977, one month before this case was heard before a Magistrate, is the gravamen of plaintiff's motion. It raises a question, therefore, of "newly discover-

ed evidence" under Fed.R.Civ.P. 60(b)(2), as well as fraud under 60(b)(3). This Court may also, in theory, view this motion, which raises no question of prejudice to the defendants, as either "an independent action to relieve a party from a judgment" or an action "to set aside a judgment for fraud upon the court." Fed.R.Civ.P. 60(b). *Bankers Mortgage Co. v. U. S.*, 423 F.2d 73, 77 n.7, *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970).

■ It is clear from the record that this motion raises nothing new between the plaintiff and defendant ARD. Assuming that all the plaintiff's allegations are true, that Ionics failed to disclose its research of RO–UF membranes, that still presents no evidence of conspiracy, combination or agreement by ARD with Ionics in violation of the Sherman Act § 1. Nor does it alter in the slightest this Court's finding of March 29, 1979 that "there is no evidence that plaintiff was in an advantageous position with ARD" for purposes of the state tort claim. I rule that the motion has no merit whatsoever as against ARD.

■ As against defendant Ionics, Inc., I rule that this motion under Rule 60(b)(2) and (b)(3) is untimely, that leave of the Court of Appeals is required before a District Court may consider the plaintiff's motion as an independent action attacking the mandate of the Court of Appeals (such leave has not been sought or obtained), and that in any event the alleged fraud at issue here is not so extraordinary as to represent a "fraud upon the court" within the meaning of Rule 60(b).

The text of Fed.R.Civ.P. 60(b) provides that motions made under 60(b)(1), (b)(2), and (b)(3), "shall be made within a reasonable time," and "not more than one year after the judgment, order, or proceeding was entered or taken." Case law establishes that filing an appeal does not toll the one year time period. *Carr v. District of Columbia*, 543 F.2d 917, 926 (D.C.Cir.1976); *Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788 (5th Cir. 1971), *cert. denied* 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971); *U. S. Ex Rel. Bonner v. Warden,*

*Stateville Correctional Center,* 78 F.R.D. 344 (N.D.Ill.1978). The presence of savings clauses in Rule 60(b) itself is further textual support for strict adherence to the one-year time period for motions under 60(b)(1), (b)(2) and (b)(3). This Court entered a final order on March 28, 1979. The Court of Appeals affirmed on December 10, 1979. The time period for motions under 60(b)(1), (b)(2) and (b)(3) expired on March 28, 1980. The plaintiff's motion was not filed until October 9, 1980, thus I rule that it is time-barred.[1]

■ The plaintiff also fails to clear a procedural hurdle in its bid to have this Court consider its Rule 60(b) motion as "an independent action to relieve a party from a judgment" under a savings clause of Fed.R. Civ.P. 60(b). Whether or not leave of the appellate court is required before the district court may hear an independent action attacking a judgment that has been affirmed on appeal is open to some question.[2] This Court elects to follow the more recent authority, *Geuder, Paeschke and Frey Co. v. Clark,* 288 F.2d 1 (7th Cir. 1961), *cert. denied,* 368 U.S. 826 (1961), and upholds the requirement. The court in the case cited above found at least three general reasons for requiring such leave; finality of judgments, absence of power in the lower court to change or revise the mandate of an appellate court, and the authority and rightful concern of an appellate court to protect the integrity of its judgments. The Court of Appeals affirmed the District Court decision in this case on December 10, 1979. I rule that leave of the appellate court is needed before this Court will consider exercising its equitable powers and consider plaintiff's independent action attacking the December 10, 1979 mandate and the March 28, 1979 decision.

■ Plaintiff's final argument is that this Court could set aside its earlier judgment "for fraud upon the court," as provided for by an additional savings clause under Rule 60(b). The plaintiff makes much of the fact that the alleged fraud of nondisclosure and misrepresentation not only occurred in District Court but continued before the Court of Appeals. If such is the case, then that Court should have first review. Indeed, the plaintiff relies heavily on *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 248, 64 S.Ct. 997, 1002, 88 L.Ed. 1250 (1944), a case in which fraud was practiced on both the district and appellate courts and the Supreme Court endorsed the procedure of obtaining appellate court approval of a bill of review before proceeding with district court review for "fraud upon the court." "The hearing conducted by the appellate court on the petition [for a bill of review] . . . is not just a ceremonial gesture. The petition must contain the necessary averments, supported by affidavits or other acceptable evidence; and the appellate court may in the exercise of a proper discretion reject the petition." *Hazel-Atlas Glass Co., supra.* I rule that in this instance the plaintiff first should have gone to the Court of Appeals before asking this Court to scrutinize the litigation for fraud. Moreover, requesting leave of the appellate court is consistent with what has been said in regard to the "independent action to relieve a party from a judgment."

■ Even if such leave is not required under the "fraud upon the court" savings clause, the plaintiff's action would still falter on substantive grounds. "Fraud upon the court" is a special kind of fraud, more serious in scope and implication than fraud sufficient for relief under Fed.R.Civ.P. 60(b)(3) or as a ground for an "independent action." 7 Moore's *Federal Practice* § 60.33

---

1. The argument that Local Rule 32 extends the one-year limitation is a red-herring. It merely provides that a decision of the Court of Appeals supercedes the District Court's decision of the same case as the judgment of the case. It does not affect the finality and binding character of the District Court's decision from the date of issuance.

2. 11 C. Wright and A. Miller *Federal Practice and Procedure* § 2868 p. 241–2 (1973) endorses such a requirement. 7 Moore's *Federal Practice* § 60.36 p. 602 (2nd ed. 1975) states that no such requirement exists.

p. 515 (2nd ed. 1975). Perjury of a single witness is not sufficient to set aside a judgment for "fraud upon the court." *Hazel-Atlas Glass Co., supra* at 245, 64 S.Ct. at 1000. Nor is proof of nondisclosure adequate. *H. K. Porter Co. Inc. v. The Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976); *Kupferman v. Consolidated Research and Mfg. Co.*, 459 F.2d 1072, 1081 (2nd Cir. 1972). To meet the standard of "fraud upon the court" one needs fraud which generally "involves far more than an injury to a single litigant." It is action which represents "a deliberately planned and carefully executed scheme" to defraud public institutions. *Hazel-Atlas Glass Co., supra* at 245-6, 64 S.Ct. at 1000-1001.

The alleged fraud at issue here is one of non-disclosure. Plaintiff alleges that many of the statements are active misrepresentations, made with the encouragement of counsel. The record at first glance does not reveal any deliberate scheme of misrepresentation, and some doubt exists whether any direct disclosure of the product research culminating in the newly issued patent was ever in order. Perhaps the plaintiff merely failed to ask the right discovery questions. This Court draws no conclusion as to how plaintiff's claim would have fared under Rule 60(b)(3), but it has no doubt that the alleged misconduct, if any, falls short of the standard needed to set aside a judgment for "fraud upon the court."

■ The defendant's (Ionics, Inc.) motion for attorneys' fees is denied. There is no evidence that the plaintiff brought this action in "bad faith." The record merely reveals that the plaintiff brought the action late, in the wrong court, and under the wrong standard of review.

Order accordingly.