**WAGNER SPRAY TECH CORPORATION,**
**Plaintiff,**

v.

**Kenneth T. WOLF, Imperial Paint Applicators, Ltd., Karmichael Industries, Ltd., Simco Brush & Tool Corp., and Larius Di Castagna & C., S.N.C., Defendants.**

**No. 80 Civ. 2769 (RWS).**

United States District Court,
S.D. New York.

Nov. 3, 1986.

Walter, Conston & Schurtman, P.C., New York City (Alan Kanzer, Gregory F. Hauser, of counsel), Hill, Van Santen, Steadman & Simpson, Chicago, Ill., (Dennis A. Gross, of counsel), for plaintiff.

Mandel, Weiss, Campise, Eisenberger & Mandel, New York City (Stephen Norman Weiss, of counsel), for defendant Larius DiCastagna & C., S.N.C.

SWEET, District Judge.

Defendant Larius Di Castagna & C., S.N.C. ("Larius") moved on October 7, 1986, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reopen a case dismissed by consent of all parties more than five years ago on April 17, 1981. Larius has failed to meet its burden, and the motion is denied.

**Prior Proceedings**

Wagner Spray Tech Corporation ("Wagner") is a Delaware corporation with its principal place of business in Minnesota. It commenced an action against various defendants including Larius on May 14, 1980, for patent infringement. Larius is incorporated and has its principal place of business in Italy.

Wagner also requested the International Trade Commission ("ITC") to investigate whether four of the defendants, including Larius, were committing unfair acts of importation under Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337. On November 6, the ITC commenced such an investigation.

On April 17, 1981, counsel for all parties submitted, and the Honorable Abraham D. Sofaer signed, an order of dismissal without prejudice on consent which was entered on April 21, 1981. On November 24, 1981, the ITC issued a notice of order excluding certain pumps manufactured by Larius from importation into the United States. Larius now moves this court to reopen the voluntarily dismissed action, seeking to serve and to file an amended answer that also asserts various counterclaims.

The stated basis for Larius' counterclaims is that the inventor of one of the patents involved failed to disclose certain information to the United States Patent Office. The affidavit of Domenico Castagna submitted by Larius in support of its motion indicates that Larius was aware of this failure to disclose at least as early as March, 1983, when it presented evidence of the failure to disclose in a patent court in the Federal Republic of Germany. According to Larius, the judgment did not become final in the German case until the end of 1984. Larius' first set of supporting papers repeatedly characterize this failure to disclose as "fraud," although they fail to specify how it is a fraud, and on whom.

On October 7, 1986, this court heard argument on Larius' motion. Thereafter, Larius submitted a supplemental memorandum of law in which it substantially changed its position. It withdrew its claims of fraud and disclaimed any intention of basing its motion on discovery of newly discovered evidence. In Larius' words, "the crux of the argument is that the matter was dismissed for pragmatic reasons, that is, the issuance of the ITC exclusion order, and that within a reasonable time under the circumstances after the West German Patent Court invalidation decision, defendants moved to reopen under 60(b)(6). . . ." Larius claims that its delay in moving to reopen this case under 60(b)(6) is reasonable because Wagner's wrongful conduct deprived Larius of income necessary to retain counsel to do so. Larius argues also that it will be prejudiced if the court denies its application because it will be deprived of causes of action against Wagner that will be time-barred unless they are brought as counterclaims to the 1980 action, in which case the relation back doctrine protects them from the statute of limitations.

**Conclusions**

Larius seeks to reopen this case pursuant to Rule 60(b) of the Federal Rules of

Civil Procedure, which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

■ The essence of Larius' initial set of arguments is that since 1981 when the action was dismissed, "it has subsequently been learned" that Wagner "committed a fraud" by withholding facts from the United States Patent and Trademark Office and the ITC. In terms of Rule 60(b), this claim appears susceptible of categorization under several different clauses. Clause (2) provides for reopening cases on the grounds of "newly discovered evidence," and clause (3) provides for reopening cases based either on "fraud" or on "other misconduct of an adverse party." However, because of the deep public interest in preserving the finality of judgments, Rule 60(b) sets explicit time limits for motions under either (2) or (3); the motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R. Civ.P. 60(b). It has been five years since Judge Sofaer signed an order of dismissal on consent, and at least three years since Larius was in possession of the alleged new evidence. From whichever point the court counts—and the language of the rule directs that the count starts at the earlier time—the one-year limit passed long ago.

■ To the extent that Larius may be attempting to seek to reopen under Fed.R. Civ.P. 60(b)(6) ("any other reason justifying relief"), which is not subject to an absolute time limit, Larius is still barred from the relief it seeks. Larius' initial papers in support of its motion are explicit that the grounds for its application are fraud and/or newly discovered evidence. The affidavits speak continually of fraud and the facts allegedly withheld from the Patent Office and the ITC and then subsequently discovered. Larius' motion thus clearly comes within 60(b)(2) and/or (3). It is settled that "when the reason asserted for relief comes properly within one of [the earlier clauses], clause (6) may not be employed to avoid the one-year limitation." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977); *Serzysko v. Chase Manhattan Bank*, 461 F.2d at 699, 702 (2d Cir.), *cert. denied*, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139, *reh'g denied*, 409 U.S. 1029, 93 S.Ct. 470, 34 L.Ed.2d 324 (1972) ("appellant cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b)").

If the facts that Larius alleges are construed to be a fraud upon the court, Larius still is not entitled to the relief it has requested. Although a fraud upon the court "arguably" falls within Rule 60(b)(6), *M.W. Zack Metal v. International Navigation Corp.*, 675 F.2d 525, 529 (2d Cir.1982), a claim of fraud against the court must be made in the tribunal allegedly defrauded, *Hazel-Atlas Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246–48, 64 S.Ct. 997, 1001–02, 88 L.Ed. 1250 (1944); *Pfotzer v. Amercoat Corp.*, 548 F.2d 51, 52–53 (2d Cir.1977). As Larius concedes that it is "not arguing that the original consent order of dismissal without prejudice was obtained by fraud," they have not alleged a fraud committed upon *this* court in connection with the dismissal.

The other grounds that Larius has put forth for 60(b)(6) relief—the ones contained in Larius' supplemental papers—are likewise inadequate. To obtain relief under Rule 60(b)(6), a movant must show either "extraordinary circumstances" or "extreme

hardship." *United States v. Cerami*, 563 F.2d at 32. For instance, in the *Cerami* case, the defendant sought relief from a default judgment that resulted from his attorney's "suffering from a psychological disorder which led him to neglect almost completely his clients' business while at the same time assuring them that he was attending to it." *Id.* at 34. In contrast, Larius seeks relief from a tactical decision made for what Larius, itself, calls "pragmatic reasons" more than five years ago. Larius' interest in undoing the results of a litigation strategy which, in hindsight, appears unwise fails to outweigh the judiciary's interest in the finality of judgments.

Larius argues that if its Rule 60(b)(6) motion is denied, it will be severely prejudiced because the causes of action it seeks to bring against Wagner will be time barred unless made a part of the 1980 action (making the new causes part of the 1980 action would protect them from the statutes of limitation by the relation back doctrine). In short, Larius is asking this court to use a provision reserved for righting extraordinary injustice to rescue it from the preclusion effect of the statute of limitations. The effect of a time bar without more does not constitute the basis for 60(b)(6) relief. *Cf. Ohligor v. United States*, 308 F.2d 667 (2d Cir.1962) (per curiam) ("Counsel's carelessness cannot be excused by this court if it is to perform its obligation to other litigants whose cases are necessarily delayed....").

Finally, Larius seeks to be excused from its lack of diligence in making this motion because it had difficulty retaining a suitable attorney in the United States. Larius says it began to search for United States counsel in early 1985, but was unable to find someone with whom it could agree on fees until present counsel was retained to file this motion. Larius blames the length of this year and a half search partially on Wagner, on the grounds that Wagner's illegal acts cut into Larius' available cash, thereby reducing the amount that Wagner could afford to pay for a lawyer. Unless its application is granted, argues Larius, these circumstances will have wrongfully

deprived it of its day in court. However, Larius has had its day in at least one court; it litigated Wagner's alleged illegal conduct in the West German patent court. Only after losing there did it even seek out United States counsel to try to recast its claims in the form that now appears in the proposed amended complaint.

Similarly, a year and a half of diligent searching for counsel at an acceptable retainer does not constitute a basis for 60(b)(6) relief. There is no factual showing that Wagner's alleged illegal activities were the main, or even a primary, cause of its inability to proceed. For all this record reveals, Larius may well have made a business decision to allocate financial resources elsewhere.

The motion is denied.

IT IS SO ORDERED.