**Raffaele M. PANDOZY, Plaintiff,**

v.

**Lawrence M. SEGAN, Brock Wylan, Margaret B. Sandercock, Lafayette Studios Corp., William B. Beekman, and Michael Tobey, Defendants.**

No. 06 CV 7153(VM).

United States District Court, S.D. New York.

Sept. 27, 2007.

Opinion Denying Reconsideration Oct. 23, 2007.

Raffaele M. Pandozy, Dallas, TX, pro se.

Lawrence Michael Segan, Lawrence M. Segan, Attorney at Law, Deborah Rachel Cohen, Scott S. Greenspun, Braverman & Associates, PC, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Raffaele M. Pandozy ("Pandozy") brought this action against Lawrence M. Segan ("Segan"), Brock Wylan ("Wylan"), Margaret B. Sandercock ("Sandercock"), Lafayette Studios Corp. ("Lafayette"), William B. Beekman ("Beekman"), and Michael Tobey ("Tobey") (collectively, "Defendants") alleging fraud upon the court and violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. (the "FHA"). Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the reasons stated below, the Defendants' motions are GRANTED.

## I. BACKGROUND

On October 28, 2003, Pandozy entered into a written contract (the "Contract") with Wylan, pursuant to which he agreed to sell his cooperative apartment at 280 Lafayette Street, New York, New York (the "Apartment") to Wylan for an agreed upon purchase price of $1.2 million. Pandozy subsequently attempted to cancel the Contract after numerous disagreements with the Board of Directors (the "Board") of Lafayette, the cooperative corporation. Wylan, who was represented in the sale by Segan, sought in New York State Supreme Court, New York County (the "State Court") and was granted a preliminary injunction enjoining Pandozy from selling the apartment to anyone but Wylan. (See

Wylan v. Pandozy, No. 600211/04 (N.Y.Sup.Ct. May 12, 2004), attached as Ex. B to the Declaration of Lawrence Segan ("Segan Decl."), dated Oct. 4, 2006.) Wylan then brought an action against Pandozy in the State Court seeking specific performance of the Contract. The State Court granted summary judgment in favor of Wylan, declaring the Contract valid and binding upon Pandozy, ordering specific performance of the Contract, and enjoining Pandozy from selling the Apartment to any party other than Wylan. (See Wylan v. Pandozy, No. 600211/04 (N.Y.Sup.Ct. July 27, 2004) (the "Wylan Decision"), attached as Ex. C to Segan Decl.) Despite this court order, Pandozy refused to perform under the Contract, and on April 14, 2005, the State Court appointed a receiver to sell the Apartment to Wylan and directed the Sheriff to remove Pandozy from the Apartment. (See Wylan v. Pandozy, No. 600211/04 (N.Y.Sup.Ct. Apr. 14, 2005), attached as Ex. J to Segan Decl.) Wylan closed on the apartment on April 29, 2005.

Pandozy made several applications to the State Court and the State Supreme Court, Appellate Division (the "Appellate Division") to renew or reargue, vacate, stay enforcement, appeal, and reargue his appeal of the Wylan Decision. All of the motions were denied. (See Segan Decl. Exs. D, E, F, H, I, and M.) Additionally, on March 21, 2005, in denying Pandozy's motion to vacate the judgment, the State Court ordered Pandozy to pay Wylan $2,500 for attorney's fees. (See Wylan v. Pandozy, No. 600211/04 (N.Y.Sup.Ct. March 21, 2005) (explaining that Pandozy had made three motions to vacate the Wylan Decision, each of which had been denied), attached as Ex. H to Segan Decl.)

On October 20, 2005, the Appellate Division affirmed the judgment for specific performance against Pandozy, and, on

February 21, 2006, it denied Pandozy's motion to reargue his appeal and enjoined him from commencing any further litigation in the New York State courts arising from or relating to the Wylan Decision. *See Wylan v. Pandozy,* M–6563, M–225, 2006 N.Y.App. Div. LEXIS 2242, *1 (App. Div. 1st Dep't Feb. 21, 2006); *Wylan v. Pandozy,* 22 A.D.3d 385, 802 N.Y.S.2d 652 (App. Div. 1st Dep't 2005). Pandozy ignored the Appellate Division's order and sought leave to appeal to the New York Court of Appeals. On June 20, 2006, that appeal was denied. *See Wylan v. Pandozy,* No. M–1501, 2006 N.Y.App. Div. LEXIS 8361 (App. Div. 1st Dep't June 20, 2006).

Additionally, on February 8, 2005, Pandozy commenced an action in the State Court against Lafayette and Lafayette's general counsel, Sandercock, alleging intentional interference with contractual relations and breach of fiduciary duty. (*See* Verified Complaint, attached as Ex. A to the Declaration of Margaret B. Sandercock ("Sandercock Decl."), dated Oct. 4, 2006.) Lafayette prevailed on summary judgment, and the State Court dismissed the verified complaint with prejudice, finding that "Sandercock breached no duty to [Pandozy]." (*See* Orders dated Dec. 19, 2005 and Apr. 4, 2006, attached as Exs. B and C to Sandercock Decl.) Pandozy moved to renew and reargue this decision, and, in an order dated Mar. 7, 2006, the State Court denied the motion and awarded costs to Lafayette. (*See* Order dated Mar. 7, 2006, attached as Ex. L to the Affidavit in Support of Deborah Cohen, dated Nov. 15, 2006.)

On March 20, 2005, shortly before he left the Apartment, Pandozy wrote a letter to the shareholders of Lafayette stating, "I am writing to you because you can avoid this lawsuit simply by asking that Mr. Sandercock and Mr. Beekman to tell Judge Saralee Evans of the Supreme Court ..., the truth by submitting an affidavit immediately before it is too late" and including a statement of the alleged "real facts" surrounding the sale of the Apartment. (*See* Letter dated Mar. 29, 2003, attached as Ex. U to Segan Decl.) In that letter, Pandozy referred to Segan and Sandercock as "crooks" and accused them of "lying and fabricating evidence." (*Id.*) Segan responded by commencing an action for libel against Pandozy in the State Court, which granted his motion for summary judgment. (*See* Decision and Order dated Feb. 21, 2005, attached as Ex. 0 to Segan Decl.) Pandozy made motions for reargument, a stay, vacatur, and dismissal, all of which were denied. (*See* Orders dated June 13, 2006, Aug. 17, 2006 and Sept. 4, 2006, attached as Exs. P, Q, and T to the Segan Decl.)

Barred from pursuing further litigation in State Court but undeterred, Pandozy has now turned to the federal court system. To date, Pandozy has filed three separate actions in this District based on the events surrounding the Contract, all of which are currently pending. *See Pandozy v. Gumenick, et al.,* No. 07 Civ. 1242 (filed Feb. 16, 2007); *Pandozy v. Tobey, et al.,* No. 06 Civ. 128885 (filed Nov. 2, 2006); *Pandozy v. Segan, et al.,* No. 06 Civ. 7153 (filed Sep. 18, 2006). In *Gumenick,* Pandozy asserts claims against five attorneys who represented him in various stages of his litigations, charging them with fraud, legal malpractice, breach of contract, and deceptive practice. In *Tobey,* Pandozy alleges (1) conspiracy by Tobey, Lafayette and Segan to harass him and oust him from the Apartment; (2) malicious and frivolous prosecution by Tobey, Lafayette, and Segan; and (3) discrimination by Tobey and Lafayette on the basis of financial status, in violation of Title VII of the Civil Rights Act of 1964 and the FHA. In the instant action, *Segan,* Pandozy alleges that

the Defendants committed fraud upon the court and discriminated against him on the basis of family status, in violation of the FHA.[1]

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court construes the complaint broadly, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994) (quotation marks and citation omitted). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

 Complaints prepared pro se are held "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997) (*quoting Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Pro se submissions should be read liberally and interpreted "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). However, pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure. *See Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995) ("Failure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding pro se.") (*citing Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972)).

### B. *FRAUD UPON THE COURT*

Pandozy claims that the Defendants committed fraud upon the court, alleging that (1) Segan "fabricat[ed] and introduc[ed] false evidences," by "using trickery and perjuries" and organized a "conspiracy that helped oust [Pandozy] and his children," (2) Wylan furnished false affidavits and false evidence, (3) Sandercock furnished false affidavits and organized a conspiracy with the Board, and (4) Lafayette participated in a conspiracy to oust Pandozy from the Apartment and "l[ied] to the court for material gain." (Am.Compl. 2–3.)

Defendants argue that Pandozy's claim of fraud upon the court should be dis-

---

1. Although Pandozy raises additional claims in his opposition papers, the Court will not consider these new claims as they were not raised in the amended complaint. *See Bernstein v. City of New York*, No. 06 Civ. 895(RMB), 2007 WL 1573910, at *10 (S.D.N.Y. May 24, 2007) ("New claims not specifically asserted in the complaint may not be considered by courts when deciding a motion to dismiss."); *Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99 Civ. 10452, 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers."); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Moreover, many of Pandozy's new claims are for violations of criminal statutes that do not give an alleged aggrieved party a civil cause of action. (*See* Plaintiff's Response to Defendants' Motion to Dismiss.) Additionally, Pandozy's amended complaint includes passing references to an alleged breach of fiduciary duty. This Court will not consider this claim as the action alleging this conduct is currently pending before Judge Colleen McMahon in *Tobey*. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

missed because it fails to state a claim, the action is barred by the doctrine of res judicata, and the court lacks subject matter jurisdiction.

Although Pandozy is unclear as to the specific cause of action he is asserting with respect to his allegations of fraud upon the court, based on the cases he cites it appears that he seeks to vacate the Wylan Decision pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Rule 60(b) provides that a federal court may "relieve a party ... from a final judgment, order, or proceeding" in cases of fraud. Fed.R.Civ.P. 60(b). Such relief is an "extraordinary remedy that is granted only when the movant can demonstrate that 'exceptional circumstances' justify the relief requested." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F.Supp.2d 309, 312 (S.D.N.Y.2003) (*citing Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir.1994)).

However, Rule 60(b) provides relief only from a judgment obtained in a federal court, and it thus cannot be relied upon by Pandozy. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (A court has inherent power "to vacate *its own* judgment upon proof that a fraud has been perpetrated upon the court.") (emphasis added) (citation omitted); *Wagner Spray Tech Corp. v. Wolf*, 113 F.R.D. 50, 52 (S.D.N.Y.1986) ("[A] claim of fraud against the court must be made in the tribunal allegedly defrauded.") (*citing Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246–48, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); *Pfotzer v. Amercoat Corp.*, 548 F.2d 51, 52–53 (2d Cir.1977)). Because the Wylan Decision was rendered in a New York state court, Pandozy must seek relief on this claim in that court.

To vacate a state court judgment on the basis of fraud upon the court, a party may make a motion pursuant to section 5015 of the New York Civil Practice Law and Rules ("§ 5015"). Section 5015 provides: "The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person ... upon the ground of ... fraud, misrepresentation, or other misconduct of an adverse party." N.Y. C.P.L.R. § 5015. Pandozy is clearly aware of this avenue of relief as he already made such a motion and was denied relief by the state court. (*See* Am. Compl. 47–48, 51; Plaintiff's Memorandum of Law in Opposition to a Motion for Dismissal of the Complaint and for Summary Judgment, dated Nov. 14, 2006, ¶ 8; Denial of Motion to Renew for violations of N.Y. C.P.L.R. 5015 and 2221, attached as Ex. E to Segan Decl.)

■ Pandozy, therefore, is simply attempting to bring the same claim in federal court that was previously decided against him in state court. The doctrine of res judicata bars such a claim. *See Ruiz v. Comm'r of Dep't of Transp.*, 858 F.2d 898, 902 (2d Cir.1988) ("As to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive in any subsequent action of the issues of fact and questions of law necessarily decided.") (citation and internal quotation marks omitted).

■ Furthermore, insofar as Pandozy brings the fraud on the court claim as a means to challenge the Wylan Decision, the Defendants contend that this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281–82, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Hoblock v. Albany Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The *Rooker–Feldman* doctrine "prevents the lower federal courts from

exercising jurisdiction over cases brought by state court losers challenging 'state court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis,* 546 U.S. 459, 461, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). However, it is not entirely clear from Pandozy's sweeping and somewhat hazy pleadings whether his fraud upon the court claim alleges misconduct by the court that rendered the judgment or Defendants, or both. Because there are other adequate grounds upon which this claim may be disposed, the Court does not address the merits of this issue further. Otherwise, for the reasons discussed above, Defendants' motions to dismiss the fraud on the court claim must be granted.

## C. *VIOLATIONS OF THE FHA*

Pandozy also alleges that Defendants discriminated against him on the basis of familial status in violation of various sections of the FHA. Defendants argue this claim should be dismissed because (1) Pandozy fails to state a claim for violations of the FHA, (2) the claims are barred by the statute of limitations, (3) the FHA claim is currently being decided in a pending action, (4)the doctrine of res judicata bars this action, (5) the Court lacks subject matter jurisdiction, and (6) Pandozy lacks standing.

Sections 3604(a) make it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). And § 3604(b) prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex,

familial status, or national origin." *Id.* § 3604(b).

■ To state a prima facie case of discrimination under § 3604, a plaintiff must allege that (1) he is a member of a protected class, (2) he sought and was qualified for the dwelling at issue; (3) he was denied the right to procure the dwelling; and (4) the dwelling remained available after being denied to him. *See Cabrera v. Jakabovitz,* 24 F.3d 372, 381 (2d Cir.1994); *Hughes v. Lillian Goldman Family, LLC,* 153 F.Supp.2d 435, 449 (S.D.N.Y.2001).

■ Pandozy's FHA claim fails for several reasons. First, Pandozy claims that he is being discriminated against on the basis of his "familial status," which the FHA defines as "one or more individuals (who have not attained the age of 18 years) being domiciled with" a parent or guardian. *See* 42 U.S.C. § 3602(k). In 1988, Congress amended the FHA to include "familial status" because it was concerned with direct discrimination against families with children under 18 years old and that "discrimination against children often camouflages racism or has an undesirable impact on minorities." *Soules v. U.S. Dep't of Housing & Urban Dev.,* 967 F.2d 817, 821 (2d Cir.1992) (citations omitted). Pandozy does not allege that his children were under the age of 18 or that he was discriminated against because he had minor children.

Additionally, the FHA is aimed at protecting from discrimination individuals who are attempting to *procure* housing. In this case, Pandozy's complaint relates to his contract to *sell* his Apartment to Wylan, and he was therefore not "denied the right to procure the dwelling." *See Cabrera,* 24 F.3d at 381.

Pandozy also alleges that Defendants violated 42 U.S.C. § 3617 ("§ 3617"), which makes it unlawful "to coerce, intimi-

date, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed," certain protected activities specified in the FHA. 42 U.S.C. § 3617. A protected activity under § 3617 refers to "action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir.2000).

█ To state a claim under § 3617, a plaintiff must allege that (1) he was engaged in a protected activity, (2) the defendant was aware of that activity, (3) the defendant took adverse action against him, and (4) a causal connection exists between the protected activity and the adverse action. *See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir.2002). Pandozy's claim under § 3617 fails because he does not allege that he engaged in a protected activity.

Pandozy also alleges that Beekman and Tobey discriminated against him in violation of 42 U.S.C. §§ 3605 and 3606 ("§§ 3605 and 3606"). Section 3605 makes it unlawful for "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605. "Residential real estate-related transactions" are defined as the "making or purchasing of loans or providing other financial assistance ... or the selling, brokering, or appraising of residential real property." *Id.*

Section 3606 makes it unlawful to "deny any person access to or membership or participation in any multiple-listing service, real estate brokers' organization or other service, organization, or facility relating to the business of selling or renting

dwellings, or to discriminate against him in the terms or conditions of such access, membership, or participation, on account of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3606.

Pandozy's claim under §§ 3605 and 3606 fails because he does not allege that Beekman or Tobey were engaged in "residential real estate-related transactions," or that they provided a real estate listing or brokerage service, or that he was denied participation in such a service.

Because Pandozy fails to state a claim under any of the FHA sections cited in his amended complaint, each of his FHA claims must be dismissed. The Court need not consider any of the additional defenses put forth by Defendants.

### E. *VEXATIOUS LITIGATION DETERMINATION*

█ Pandozy's multitude of actions in the State Court and subsequently in this Court arising out of the same underlying transaction and events, which he has been barred from pursuing further in the State Court, evidences a clear pattern of what at this point must be deemed vexatious litigation. This Court will not countenance any further unrestrained efforts by Pandozy to reassert here the same claims adjudicated above, or other related claims arising from the sale of his Apartment. A district court possesses the authority to enjoin a person, including a pro se litigant, from filing further vexatious litigation. *See Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir.1990) (*citing In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982); *Word v. Croce*, 230 F.Supp.2d 504, 514 (S.D.N.Y.2002)) (sustaining an injunction against plaintiff who had filed five federal lawsuits concerning the same transaction). In fact, a "district court not only may but should protect its

ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Safir v. U.S. Lines, Inc.,* 792 F.2d 19 (2d Cir.1986). In *Safir,* the Second Circuit articulated five factors to be considered in determining whether to restrict a litigant's future access to court: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *See id.* at 24. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.* Each of these factors weighs heavily in favor of restricting Pandozy's further access to the courts in this District.

As the discussion above amply demonstrates, Pandozy has a long history of filing duplicative and vexatious lawsuits, all arising from the sale of his Apartment, in some cases even in violation of court orders. He has not prevailed in any of them, and he could not reasonably have any expectation of success in further litigation. "Whether viewed as a deliberate endeavor intended to harass and antagonize opposing parties, or as the result of cognitive dissonance and an inability to accept judicial rulings, such behavior is unacceptable." *Fitzgerald v. Field,* No. 99 Civ. 3406, 1999 WL 1021568, at *5 (S.D.N.Y. Nov. 9, 1999).

While pro se litigants are generally entitled to more leeway, a court's authority to enjoin vexatious litigation extends equally over pro se litigants and those represented by counsel, and "the Second Circuit has noted that the ' special solicitude [that a pro se plaintiff] must face does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.' " *Sathianathan v. Smith Barney, Inc.,* No. 04 Civ. 7122, 2006 WL 538152, *34 (S.D.N.Y. Feb. 24, 2006) (*quoting McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988)). *See also Yosef v. Passamaquoddy Tribe,* 876 F.2d 283, 287 (2d Cir. 1989).

 Pandozy's lawsuits, and in particular the multitude of lengthy filings submitted in each, puts an undue burden on Defendants and the Court. In the New York state court system, Pandozy has already been sanctioned and enjoined from seeking further relief relating to the sale of his Apartment, yet he ignored this injunction and continued litigating the same claims. Based on that experience and Pandozy's shifting tactics to pursue the same or related claims in the federal court, it appears certain that Pandozy will continue to file duplicative, vexatious, and frivolous lawsuits unless he is barred from doing so. The Court has no alternative, therefore, but to bar Pandozy from commencing in this Court without prior leave of the Court any further action in any way related to (1) the sale of his Apartment, (2) litigation related to the sale of the Apartment or the events surrounding that sale, or (3) the conduct in that transaction by individuals and attorneys involved in the litigation arising from such sale, except to seek appellate review of this decision.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motions to dismiss (Docket Nos. 3, 8, 10, 37, and 44) of defendants Lawrence M. Segan, Brock Wylan, Margaret B. Sandercock, Lafayette Studios Corp., William B. Beekman, and Michael Tobey are GRANTED; and it is further

**ORDERED** that the Amended Complaint (Docket No. 39) of plaintiff Raffaele M. Pandozy ("Pandozy") be dismissed with prejudice; and it is further

**ORDERED** that Pandozy is hereby enjoined from commencing, without prior leave of the Court, any federal action in this Court relating in any way to (1) the sale of the Pandozy's cooperative apartment at 280 Lafayette Street, New York, New York (the "Apartment") to Brock Wylan, (2) litigation related to the sale of the Apartment or the events surrounding that sale, or (3) the conduct in that transaction by individuals and attorneys involved in the litigation arising from such sale, except to seek appellate review of this decision.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

### DECISION AND ORDER

### I. BACKGROUND

By Decision and Order dated September 27, 2007 (the "Order")[1], the Court granted the motion of defendants herein ("Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6) and directed that this case be closed. The Court determined that plaintiff Raffaele Pandozy ("Pandozy") failed to state a sufficient claim of fraud upon the court in connection with a previous related action in state court or of violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq.

Pandozy now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. Pandozy's submission in support of the instant motion reiterates essentially the same arguments made in underlying matter, points that this Court fully considered and found meritless.

### II. STANDARD OF REVIEW

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litg.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

1. The Decision and Order is reported as *Pandozy v. Segan*, 518 F.Supp.2d 550, No. 06 Civ 7153, 2007 WL 2840377 (S.D.N.Y. Sept. 27, 2007).

Local Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

### III. *DISCUSSION*

Pandozy urges reconsideration on the basis of the same arguments that were raised in the original motion. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed, the Court took into account and rejected the various considerations Pandozy asserts as grounds for this motion.

Specifically, Pandozy asserts that the Court erred by not applying the version of the facts and applicable laws that he contends prove the allegations in his complaint, in particular what Pandozy characterizes as false evidence upon which the related state court action was decided against him on summary judgment. The Court's decision, however, revised Pandozy's claims and his arguments in support and found them meritless. As stressed by the Court in the Order Pandozy's claim of fraud upon the Court cannot be asserted in this Court as he sought to do, under Federal Rule of Civil Procedure 60(b), and the claim otherwise amounted to relitigation of matters decided on the merits by the state court. *See Pandozy,* 2007 WL 2840377 at *9.

Because Pandozy has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Pandozy's motion for reconsideration is DENIED.

### IV. *ORDER*

For the reasons stated above, it is hereby **ORDERED** that motion of plaintiff Raffaele Pandozy for reconsideration of the Court's Decision and Order dated September 27, 2007, is DENIED.

**SO ORDERED.**