# Illinois Official Reports

## Appellate Court

***Metzger v. Brotman*, 2021 IL App (1st) 201218**

| | |
|---|---|
| Appellate Court Caption | DONALD L. METZGER, Plaintiff-Appellant, v. KENN BROTMAN, TERENCE M. HEUEL, MARK FITZGERALD, KEITH E. ROBERTS JR., JOHNNY A. FAIRMAN II, ROBERT M. HENDERSON, and EILEEN W. DONAHUE, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>No. 1-20-1218 |
| Filed<br>Rehearing denied | August 27, 2021<br>October 22, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 19-L-5712; the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Donald L. Metzger, of Chicago, appellant *pro se*.<br><br>Steven R. Splitt and Jonathan M. Wier, of Attorney Registration and Disciplinary Commission, of Chicago, for appellees. |
| Panel | JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.<br>Justices Harris and Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff, Donald L. Metzger, appeals orders of the circuit court of Cook County granting the dismissal of his fraud complaint pursuant to a section 2-619.1 (735 ILCS 5/2-619.1 (West 2018)) motion, denying his motion to disqualify defendants' counsel, and denying his motion to reconsider and vacate. On appeal, plaintiff contends that (1) the complaint properly pled an independent cause of action for fraud on the court and (2) the circuit court erred in denying his motion to disqualify defendants' attorneys based on conflict of interest. Additionally, during the pendency of this appeal, plaintiff filed a motion to strike the statement of facts contained in defendants' brief for several reasons. For the following reasons, we affirm.

¶ 2                                                    BACKGROUND

¶ 3 The litigation at issue in this case stems from a 2008 complaint filed with the Attorney Registration and Disciplinary Commission (ARDC) against plaintiff, a former Illinois attorney, and subsequent related proceedings before the ARDC and our supreme court, after which plaintiff was disbarred. The charges against plaintiff stemmed from his representation of an elderly client, Harriet Rozier, and the initial complaint to the ARDC was filed by an attorney representing one of Rozier's heirs, who claimed that plaintiff breached his fiduciary duties and collected an unreasonable fee. Specifically, one of Rozier's heirs contended that plaintiff depleted Rozier's estate with his legal and nonlegal fees, which were inflated. In response, plaintiff denied all allegations of misconduct and further that Rozier specifically hired him to represent her in legal matters and nonlegal matters related to managing her health and affairs, all to be billed at his regular hourly rate.

¶ 4 Briefly stated, according to plaintiff's complaint, he met Rozier in 1982, and in 1993, she told him that she wanted him to draft a new will for her. Rozier told plaintiff she was willing to pay his standard rate for services related to her care, whether legal or nonlegal, and that she wanted his assistance because he was like family. In August 1994, plaintiff drafted Rozier's will, which named him executor and successor trustee of Rozier's trust. Plaintiff's hourly rate was $200, and he "took care" of Rozier during her subsequent illness; the hours worked totaled about $35,000 per month in fees. Rozier died in May 2004, and her assets were used to pay expenses and plaintiff's deferred fees. Rozier's nieces and nephews, as contingent residual beneficiaries, were not entitled to any financial benefit from Rozier's trust. In February 2007, one of Rozier's nephews hired an attorney to inquire about the estate, and in February 2008, a complaint was made to the ARDC.

¶ 5 On August 25, 2010, the administrator of the ARDC's Client Protection Program, defendant Eileen W. Donahue, filed a three-count complaint against plaintiff, alleging that he engaged in several forms of misconduct, including that plaintiff obtained an unreasonable fee and engaged in dishonest conduct, and the matter was set for a hearing. The hearing board consisted of defendants Kenn Brotman, the chair, Terence M. Heuel, and Mark Fitzgerald. On November 3, 2011, the hearing board issued an order concluding that plaintiff had engaged in misconduct, and on May 4, 2012, its report and recommendation was filed. On May 24, 2012, plaintiff filed exceptions with the review board, which heard oral arguments on May 10, 2013. The review board consisted of defendants Keith E. Roberts Jr., Johnny A. Fairman II, and Robert Henderson. On June 17, 2013, the review board incorporated the hearing board's report, affirmed the hearing board's factual findings and the findings of misconduct, and recommended disbarment. Plaintiff sought leave to file exceptions in the Illinois Supreme

Court, and on September 25, 2013, the supreme court denied the petition and disbarred plaintiff. *In re Metzger*, Ill. S. Ct., M.R. 26210 (Sept. 25, 2013).

¶ 6 We note that the record filed with this appeal does not contain any copies of the ARDC complaint, reports of proceedings, deposition testimony, or written findings or orders of the ARDC's hearing board, review board, or supreme court that relate to this matter, although plaintiff refers to them heavily throughout his briefs in his statements of facts. Nor does our review of the record indicate that such information was provided to the circuit court although plaintiff relied on statements contained in those documents to support the allegations raised in his complaint throughout the circuit court proceedings. Additionally, we note that defendants have referenced the hearing board's report in its brief, which is the subject of plaintiff's motion to strike, which we will address below.

¶ 7 Plaintiff subsequently filed a 114-page, three-count complaint alleging fraud on the court in the circuit court of Cook County on May 24, 2019: count I against the individual members of the ARDC's hearing board that heard his case: Brotman, Heuel, and Fitzgerald; count II against the members of the ARDC's review board that reviewed his appeal: Roberts, Fairman, and Henderson; and count III against the administrator, Donahue.[1] Plaintiff alleged that defendants committed fraud on the court when they made numerous false statements of material fact; the complaint alleged a total of 38 false statements. Plaintiff contended in his complaint, and continues to argue on this appeal, that when the members of the hearing board served in that capacity, conducted the hearing, and wrote and issued their report, they were acting as officers of the court. He further argued that when such report was compiled and tendered to the review board, the hearing board members willfully and recklessly disregarded the truth and created a "false narrative" that was relied on by the review board and the supreme court. Plaintiff maintained that such intentionally false statements were intended to be relied on and to deceive the review board and the supreme court and thus interfered with the court's performance of "impartial adjudication," which resulted in his disbarment. He contended throughout the proceedings before the review board, supreme court, circuit court, and this appeal that such order disbarring him was unfounded and caused him injury by damaging his reputation and employability and deprived him of his livelihood of practicing law.

¶ 8 Plaintiff made similar allegations against members of the review board, contending that they committed fraud on the court by submitting their report to the supreme court as officers of the court, knowing that it contained the false statements from the hearing board report that they knew to be false. He also made similar allegations against Donahue, contending that when she wrote and issued her report to the ARDC as an officer of the court, she knew that both the reports of the hearing board and review board contained false statements that she knew to be false. Plaintiff asserted that Donahue's report to the ARDC resulted in the approval of an "unfounded" $100,000 claim to Rozier's heirs. Plaintiff additionally contended that Donahue's counsel "willfully and wantonly made disparaging, defamatory, reprehensible statements regarding his honesty and integrity in the performance of his employment, statements that she knew were false or that she made with reckless disregard for their truth or falsity despite a high degree of awareness of their probable falsity." He further alleged that such statements were

---

[1]Plaintiff's complaint also named Gina Abbatemarco, Robin Drey Maher, and Athena T. Taite as "Respondents in Discovery" pursuant to 735 ILCS 5/2-1402 (West 2018); however, the case was dismissed prior to discovery, and these parties were never named as defendants in the case.

published to the ARDC and the general public, were not privileged, and proximately resulted in injury to him. Plaintiff sought the following remedies: (1) vacatur and a setting aside of the hearing board's report, the review board's report, and the administrator's report; (2) an order commanding defendants to inform the Illinois Supreme Court of the circuit court's order that the various reports contained false statements that consisted of fraud upon the court and further that the order of September 25, 2013, disbarring him was void; (3) an order commanding the administrator's counsel to inform the ARDC of the entry of the circuit court's order that the report contained false statements and that she committed fraud upon the court and further that the April 11, 2014, award to Rozier's heirs was void; (4) compensatory damages from defendants totaling $8.5 million; and (5) punitive damages from defendants totaling $26 million.

¶ 9        Defendants, represented by ARDC attorneys Steven Splitt and Jonathan Wier, filed a motion to dismiss plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)) on July 26, 2019.[2] In their motion, defendants argued that (1) the circuit court lacked jurisdiction to review the findings of the ARDC's hearing board and review board, the Illinois Supreme Court's order of plaintiff's disbarment, or the order of the ARDC approving a claim under the Client Protection Program, warranting dismissal of the complaint with prejudice under section 2-619(a)(1) (735 ILCS 5/2-619(a)(1) (West 2018)); (2) alternately, plaintiff's claims against the hearing board and review board members were barred by judicial immunity, warranting dismissal with prejudice under section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2018)); (3) alternately, plaintiff's claims against Donahue were barred by immunity, warranting dismissal with prejudice under section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2018)); and (4) alternately, plaintiff's complaint failed to state a cause of action for fraud on the court against any defendant, warranting dismissal with prejudice under section 2-615 (735 ILCS 5/2-615 (West 2018)). Defendants also filed a memorandum in support of their motion.

¶ 10       In response, plaintiff moved to disqualify attorneys Splitt and Wier from representing defendants, arguing that they concurrently represented and were employed by the ARDC, defendants were adversaries of the ARDC in the litigation, and further, that defendants' interests were antagonistic to the ARDC. He concluded that defendants' representation by those attorneys involved a concurrent conflict of interest that interfered with judicial procedure, obstructed justice, prevented him from obtaining a fair trial, and violated the Illinois Rules of Professional Conduct of 2010. Plaintiff further contended that their representation of defendants was adverse to the ARDC's interests, such representation would be materially limited by their responsibilities and loyalty to the ARDC, and the conflict was not "consentable" under the rules of professional conduct. He also argued that should he win the case, defendants could seek contribution from the ARDC, which would create a conflict of interest. Plaintiff sought to have attorneys Splitt and Wier disqualified from representing defendants to preserve the integrity of the judicial proceedings and to have their motion to dismiss and the supporting memorandum stricken because they were collectively longer than the allowable page limits set by the court rules.

_____

[2]Attorney Splitt represented the hearing board defendants, and attorney Wier represented the review board defendants and Donahue.

¶ 11      Defendants subsequently sought leave of the circuit court to consider their motion to dismiss and accompanying memorandum, citing an inadvertent violation of the court's standing rules, which were amended 11 days prior to the filing of defendant's pleadings. The court granted the motion on August 14, 2019; a briefing schedule was set for defendants' motion to dismiss, with a hearing scheduled for October 3, 2019; and a briefing schedule was set for plaintiff's motion for disqualification of defendants' counsel, with a hearing scheduled for September 26, 2019.

¶ 12      In their response to plaintiff's motion for disqualification of counsel, defendants argued that plaintiff lacked standing to bring such motion, noting that neither they nor the ARDC complained of any conflict of interest. Additionally, defendants argued that plaintiff had never had any attorney-client relationship with attorney Splitt or attorney Wier and thus lacked standing to seek disqualification and that plaintiff's conclusory statements did not establish that or how he would be prejudiced by the representation. Moreover, plaintiff failed to show an actual conflict of interest because the interests of the ARDC and defendants were the same and plaintiff's allegation that defendants could seek contribution from the ARDC if they lost was based on speculation at best and was also legally meritless. Nor did plaintiff show a material limitation conflict because nothing about defense counsel's employment by the ARDC had influenced or would influence the strategic decisions made in the case or their actions in other unrelated ARDC disciplinary proceedings.

¶ 13      In response to defendants' motion to dismiss, plaintiff asserted that both federal and Illinois courts recognized independent actions of fraud on the court to set aside judgments that tamper with the administration of justice. He maintained that the complaint pleaded facts that established each element of fraud on the court: (1) defendants were officers of the court; (2) their conduct was directed to the "judicial machinery" itself; (3) their conduct was intentionally false, willfully blind to the truth, or was in reckless disregard for the truth; (4) their conduct was a positive averment or concealment when they had a duty to disclose; and (5) their behavior deceived the court. Plaintiff also argued that the circuit court had subject-matter jurisdiction over the action because it did not seek review over the ARDC or supreme court's decisions but rather sought a determination that defendants perpetrated a fraud on the court in their reports. He further contended that defendants were not protected by judicial immunity because the ARDC was not a quasi-judicial body and defendants did not carry out judicial functions, but, and alternately, any judicial immunity was overcome because defendants' actions were nonjudicial and taken "in the complete absence of all jurisdictions" because the prosecution of the disciplinary proceeding was beyond the scope of judicial action, as was their decision to consider uncharged conduct. Plaintiff concluded that the motion to dismiss was without merit and should be denied.

¶ 14      At a hearing on October 3, 2019, the circuit court found that plaintiff's three-count complaint alleged claims of fraud on the court, which was not a cause of action under the laws of the state and was not a claim on which relief could be had. The court noted that plaintiff's complaint requested two forms of relief, namely, "a degree of specific enforcement, either the ARDC or having court vacate certain orders," and a claim for money damages. The circuit court determined that there was no recognized cause of action where the circuit court could award such relief, and as to the second, there was no tort stated. The court then stated that the case was dismissed.

¶ 15     The circuit court later filed written orders addressing plaintiff's motion to disqualify defense counsel and defendants' motion to dismiss. On January 21, 2020, the court entered an order denying plaintiff's motion for disqualification, finding that no conflict of interest existed at that time and the conflict of interest alleged by plaintiff was a theoretical conflict based on speculation of what may or may not occur in the case. Thereafter on February 18, 2020, the court entered a written order memorializing its oral finding made at the hearing on defendants' motion to dismiss. The court restated that, after review of the parties' briefs and the arguments made at the hearing, defendants' motion to dismiss was granted because there was no recognized cause of action wherein it could enter an order vacating an order from either the ARDC or the Illinois Supreme Court and plaintiff did not plead any kind of tort that would entitle him to monetary damages.

¶ 16     Plaintiff filed a motion to reconsider and vacate the circuit court's order dismissing his complaint on March 16, 2020, arguing that the court's order contained "profound legal and analytical error in its application of the law" and overlooked or misapprehended established Illinois law, which recognized independent actions for fraud on the court, and the nature of the claims presented, which sought a determination that the disciplinary order of the Illinois Supreme Court was procured by fraud. He argued that such order was void and could be attacked at any time or in any court, directly or collaterally, including by an independent action in a different court for fraud on the court.

¶ 17     The circuit court denied plaintiff's motion to reconsider on October 20, 2020, in a written order. In its order, the court noted that, while each count of the complaint was captioned as some type of fraud, the relief sought for each count was an order of specific performance that certain employees or agents of the ARDC make certain statements and take certain actions regarding their work for the ARDC in the administration of plaintiff's now-disbarred law license. The court further noted that each count sought monetary relief, actual damages, and punitive damages predicated on the same fraud theory, which was not available as a cause of action. The circuit court again stated that there was

> "No cause of action in which a circuit court has the authority to order an Illinois Supreme Court Commission to make specific statements to the Supreme Court who may be admitted to practice law or disbarred. Because there is no cause of action in the statutory or common law of this state, it is not necessary to examine possible immunities, defenses or amendment to pleadings.
>
> To this Court it is elemental that regulation of who may be admitted to the practice of law in Illinois is exclusively within the authority [of] the Illinois Supreme Court. The processes of actions for aspiring lawyers are laid out by Supreme Court Rules, IL SCR Article VII."

¶ 18     On November 9, 2020, plaintiff filed a notice of appeal, seeking appellate review of (1) the circuit court's October 20, 2020, order denying his motion to reconsider and vacate; (2) the court's February 18, 2020, order granting defendants' motion to dismiss; and (3) the circuit court's September 26, 2019, order denying his motion to disqualify defense counsel.[3]

---

[3]We note that the copy of the order denying plaintiff's motion for disqualification contained in the common law record is dated January 21, 2020; the only copy of an order dated September 26, 2019, is the one attached to plaintiff's notice of appeal.

¶ 19                                                 ANALYSIS

¶ 20     On appeal, plaintiff contends that the complaint properly pled an independent cause of action for fraud on the court, the circuit court erred in denying his motion to reconsider, and the circuit court erred in denying his motion for disqualification of defendants' counsel.

¶ 21                 A. Plaintiff's Motion to Strike Defendants' Statement of Facts

¶ 22     As a preliminary matter, we consider plaintiff's motion to strike defendants' statement of facts, which we have taken with the case. Plaintiff contends that defendants include "extensive references to statements made by defendants in their documents which are not in the record on appeal" and that were alleged in his complaint to contain "countless false statements by which they created the false narrative that constituted fraud on the court." Plaintiff argues that there should be no judicial review of the reports or their contents, as defendants indicate in a footnote within their brief, because their statement that this court can take judicial review of them is "misleading in at least thirteen ways, and defendants have not requested judicial notice." Plaintiff specifically argues that (1) defendants misstate the law pertaining to judicial notice; (2) the reports are not a decision; (3) they are not part of the record of another court; (4) they do not constitute or contain readily verifiable facts; (5) they will not aid in efficient disposition of the case; (6) they are not capable of instant and unquestionable demonstration; (7) judicial notice is not a basis for presenting background information; (8) judicial notice is not a recognized source of the facts contained in a statement of facts based on the record on appeal under Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018); (9) the facts in the record to be included in a statement of the facts on appeal from dismissal on a motion to dismiss are the well-pleaded facts in the complaint; (10) the well-pleaded facts in the complaint must be accepted as true; (11) the complaint alleges that the reports contain a large number of false statements and created a false narrative, so defendants' assertion by defendants that statements from those reports are factual is directly contrary to the truth as stated in the complaint; (12) judicial notice is not recognition of assertions as facts; and (13) "a high degree of indisputability is the essential prerequisite for judicial notice," citing *People v. Davis*, 65 Ill. 2d 157, 163 (1976). Plaintiff asserts that defendants do not meet these standards and thus their statement of facts should be stricken.

¶ 23     In other words, plaintiff's chief complaint is that defendants cite to the very report that he complains of as being full of false or misleading statements for its recitation of facts. We have considered plaintiff's motion to strike and decline to strike defendants' statement of facts for the following reasons.

¶ 24     Our supreme court's rules governing appellate briefs are mandatory. *Slater v. Illinois Labor Relations Board, Local Panel*, 2019 IL App (1st) 181007, ¶ 11. A party's failure to comply with the rules runs the risk that this court will strike the offending portions of a noncompliant brief, or in rare cases, dismiss an appeal for serious rule violations. *Id.* While the supreme court rules do not require the appellee to include a statement of facts, the appellee must follow Rule 341(h)(6) if he or she chooses to do so. Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Without adequate support in the record, an allegation included in the statement of facts contained in an appellate brief lies outside the record; such unsupported factual references should be stricken and not considered. *Fox Fire Tavern, LLC v. Pritzker*, 2020 IL App (2d) 200623, ¶ 19.

¶ 25     Our review of plaintiff's recitation of the facts in his appellate brief mirror those stated in his initial complaint filed in the circuit court, as well as those advanced in every pleading he

filed in the circuit court. However, as noted above, plaintiff did not include any of the evidence presented before the hearing board or review board or contained within his petition to our supreme court. Nor does the record contain any copies of the various reports that plaintiff claims contain the false statements, and no such evidence was presented to the circuit court in the initial proceedings below.

¶ 26    Defendants, on the other hand, reference the hearing board's decision in the statement of facts in their brief, noting that plaintiff's facts come only from his complaint filed in the circuit court. They further state in a footnote that we can take judicial notice of it pursuant to *Bank of America, N.A. v. Kulesza*, 2014 IL App (1st) 132075, ¶ 21, and *Aurora Loan Services, LLC v. Kmiecik¸* 2013 IL App (1st) 121700, ¶ 37, because this court can take judicial notice of a written decision that is part of the record of another court, even if judicial notice was not requested in the trial court.

¶ 27    Illinois Rule of Evidence 201(c) (eff. Jan. 1, 2011) provides that "[a] court may take judicial notice, whether requested or not." As plaintiff correctly notes, Illinois courts recognize that documents containing readily verifiable facts from sources of indisputable accuracy may be judicially noticed. *In re Estate of McDonald*, 2021 IL App (2d) 191113, ¶ 71. Public documents that are included in the records of courts and administrative tribunals are subject to judicial notice. *Id.*

¶ 28    It is well-settled that, in Illinois, our supreme court possesses the inherent power to discipline attorneys who have been admitted to practice before it and has, in turn, delegated the authority to investigate and prosecute claims of attorney misconduct to the ARDC. *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 229 (2000). In discharging those duties, the ARDC acts as a quasi-judicial body (*Stein v. Krislov*, 2013 IL App (1st) 113806, ¶ 40), and the hearing board's findings of fact in attorney disciplinary proceeding are to be treated virtually the same as the findings of any initial trier of fact (*In re Cutright*, 233 Ill. 2d 474, 488 (2009)).

¶ 29    Contrary to plaintiff's assertions, judicial notice is proper where the document is part of the public record and where such notice will aid in the efficient disposition of a case. *Muller v. Zollar*, 267 Ill. App. 3d 339, 341 (1994). Moreover, this court may take judicial notice regardless of whether such notice was sought at the trial court level. *Id.*

¶ 30    In this case, the ARDC hearing board's disposition report represents an official decision of an administrative tribunal, which is part of the public record. It will aid in the efficient resolution of this case because it sets forth the alleged fraudulent statements that comprise plaintiff's fraud on the court claims, and plaintiff does not dispute its authenticity. Moreover, as noted above, plaintiff did not attach a copy of the hearing board's report to his complaint below, thus there is no other way to verify the contested statements contained within the report other than by reviewing the report itself. Thus, we will take judicial notice of the hearing board's disposition report, and we decline to strike the statement of facts in defendants' brief.

¶ 31    Further and contrary to plaintiff's assertions, allegations in a complaint do not qualify as evidence of the facts alleged. *Anderson Dundee 53, L.L.C. v. Terzakis*, 363 Ill. App. 3d 145, 152 (2005). As noted, plaintiff's brief recites facts based solely on the allegations raised in his complaint in violation of Rule 341. However, we do not find such deficiencies in plaintiff's statement of facts to be so egregious as to warrant striking it. See *Borsellino v. Putnam*, 2011 IL App (1st) 102242, ¶ 87. Accordingly, we also decline to strike the statement of facts from plaintiff's brief. To the extent that either party's brief contains what we deem to be an inaccurate statement of facts, we will disregard those improprieties without striking them from

the briefs. We now turn to the merits of the appeal. For purposes of our review, we will review the circuit court's orders in the order that they were entered.

¶ 32    B. Plaintiff's Motion for Disqualification of Defense Counsel

¶ 33    Plaintiff contends that the circuit court erred in denying his motion for disqualification of defense counsel based on conflict of interest. He reiterates the arguments made in the proceedings below, namely that defendants' representation by those attorneys involved a concurrent conflict of interest that interfered with judicial procedure, obstructed justice, prevented him from obtaining a fair trial, and violated the rules of professional conduct. Plaintiff further contends that their representation of defendants was adverse to the ARDC's interests; such representation would be materially limited by their responsibilities and loyalty to the ARDC, and the conflict was not "consentable" under the rules of professional conduct. He also argues that, should he win the case, defendants could seek contribution from the ARDC, which would create a conflict of interest.

¶ 34    In reviewing the circuit court's order denying plaintiff's motion for disqualification, we will not disturb any of the trial court's factual determinations absent an abuse of discretion. *SK Handtool Corp. v. Dresser Industries, Inc.*, 246 Ill. App. 3d 979, 986 (1993). However, we will review *de novo* any questions of law presented by the order. *Id.*

¶ 35    Generally, our courts disapprove of the use of disqualification motions as a tactical weapon in litigation insofar as such motions can be misused for purposes of harassment. *Id.* at 989. Such motions serve to destroy the attorney-client relationship by preventing a party from freely retaining counsel of his or her choice. *Id.* Thus, disqualification is regarded as a drastic measure that courts should grant only when necessary. *Id.* This concern must be balanced against the need to enforce the canons of legal ethics, which are designed to protect the attorney-client relationship and maintain public confidence in the integrity of the legal profession and the administration of justice. *Pederson & Houpt, P.C. v. Summit Real Estate Group, LLC*, 376 Ill. App. 3d 681, 685 (2007).

¶ 36    Plaintiff's motion seeking disqualification of defense counsel was predicated upon Rule 1.7 of the Illinois Rules of Professional Conduct of 2010 (Ill. R. Prof'l Conduct (2010) R. 1.7(a)(1) (eff. Jan. 1, 2010)), asserting that there was a concurrent conflict of interest between the interests of the ARDC and the individual defendants, which was not subject to waiver.

¶ 37    Plaintiff does not cite to, nor does our own research yield, any cases where an ARDC staff attorney was disqualified from representing ARDC employees in suits that arose out of their duties with the ARDC. We have, however, found cases where (1) this court affirmed the circuit court's decision not to disqualify attorneys from the Attorney General's office from representing prison officials, grievance officers, related personnel, members of the administrative review board, and the director of corrections in a prisoner's action (*Arnett v. Markel*, 363 Ill. App. 3d 1136, 1141-43 (2006)); (2) this court declined to disqualify the Attorney General's office from representing prison officials and then-Attorney General Jim Ryan in a mandamus action by a prisoner (*Hadley v. Ryan*, 345 Ill. App. 3d 297 (2003)); and (3) individual attorneys who comprise staff of the public defender were found not to be members of a "firm" for purposes of the Illinois Rules of Professional Conduct governing conflicts of interest, and thus representation of a parent by one assistant public defender and representation of the children by another one was not a conflict of interest even though they took adverse positions to one another (*In re A.P.*, 277 Ill. App. 3d 592 (1996)).

¶ 38    Further, even if a conflict of interest existed between the ARDC and defendants, plaintiff has no standing to challenge the conflict without some showing that the representation adversely affected his interests. *Evink v. Pekin Insurance Co.*, 122 Ill. App. 3d 246, 250 (1984).

¶ 39    In the present case, we note that the position of the ARDC and the individual defendants on the central issue in the case is the same, *i.e.*, that plaintiff committed professional misconduct in his representation of Rozier and collected unreasonable fees. Plaintiff's concurrent conflict of interest claim rests on the premise that, should he win his case, the individual defendants could seek contribution from the ARDC for damages. Even if we were to accept plaintiff's argument regarding a concurrent conflict as true, he has failed to show that the representation was prejudicial to him or that such representation had any bearing on the outcome of the case. Accordingly, we conclude that the circuit court did not abuse its discretion in denying plaintiff's motion to disqualify defendants' counsel.

¶ 40    C. Dismissal of Plaintiff's Fraud on the Court Complaint

¶ 41    Plaintiff further contends that the circuit court erred in granting defendants' section 2-615 (735 ILCS 5/2-615 (West 2018)) motion to dismiss his complaint for fraud on the court because it properly stated an independent action for fraud on the court by each of the defendants in their various roles related to his disciplinary action before the ARDC. Plaintiff's arguments on appeal mirror those made before the circuit court as detailed above, so we need not recite them again here.

¶ 42    On appeal, a reviewing court may affirm the trial court's ruling for any reason supported by the record, regardless of the basis relied upon by the trial court. *Pekin Insurance Co. v. AAA-1 Masonry & Tuckpointing, Inc.*, 2017 IL App (1st) 160200, ¶ 21.

¶ 43    As noted above, defendants filed their motion to dismiss pursuant to section 2-619.1 of the Code, which was a combined motion with respect to pleadings under section 2-615 of the Code and a motion for involuntary dismissal under section 2-619 of the Code. 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2018). Our review of defendants' motion reveals two bases for dismissal that are relevant to our discussion on appeal: defendants' assertion that the circuit court lacked jurisdiction to review the findings of (1) the ARDC's hearing board and review board or the Illinois Supreme Court's order of plaintiff's disbarment and (2) the order of the ARDC approving a claim under the Client Protection Program. Defendant contends that these bases warrant dismissal of the complaint with prejudice, pursuant to section 2-619(a)(1) (735 ILCS 5/2-619(a)(1) (West 2018)). In the alternative, defendants argue that plaintiff's complaint failed to state a cause of action for fraud on the court, which was brought under section 2-615 (735 ILCS 5/2-615 (West 2018)).

¶ 44    A section 2-619(a)(1) motion provides for the involuntary dismissal of a cause of action based on a lack of subject-matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2018). A section 2-619 motion permits the movant to go beyond the four corners of the complaint and use external submissions to defeat the plaintiff's claim. *Jones v. Brown-Marino*, 2017 IL App (1st) 152852, ¶ 20. A section 2-615 motion to dismiss tests whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, state sufficient facts to establish a cause of action upon which relief may be granted. 735 ILCS 5/2-615 (West 2018); *Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, ¶ 11. We review dismissals under sections 2-615 and 2-619 *de novo*. *Chang Hyun Moon*, 2015 IL App (1st) 143606, ¶ 11.

¶ 45    Plaintiff conflates the question of whether a cause of action for fraud on the court exists in the state of Illinois with the question of whether such cause of action can be brought against the ARDC in the circuit court where the relief requested is a reversal of an attorney disciplinary matter. Our review of the circuit court's order yields the conclusion that the order granting defendants' motion to dismiss was based on both arguments stated above; namely, that plaintiff's complaint failed to state a cause of action for fraud on the court against any of the defendants because such action could not be brought against those parties in the circuit court based on a lack of subject-matter jurisdiction. We agree.

¶ 46    As stated previously, it is undisputed that in Illinois, our supreme court has the inherent power to discipline attorneys who have been admitted to practice before it. *Skolnick*, 191 Ill. 2d at 229. Illinois treats attorney discipline as an exclusively judicial function under the Illinois Constitution's separation of powers clause. *In re Day*, 181 Ill. 73, 96 (1899). The court, in turn, has delegated the authority to investigate and prosecute claims of attorney misconduct to the ARDC. *Skolnick*, 191 Ill. 2d at 229. The ARDC's duties, structure, and authority derive exclusively from rules of the Illinois Supreme Court, and the ARDC is not a state agency. *Chicago Bar Ass'n v. Cronson*, 183 Ill. App. 3d 710, 720 (1989). Moreover, the ARDC and its various officers serve only as agents of the supreme court in administering the disciplinary functions that have been delegated to them. *In re Mitan*, 75 Ill. 2d 118, 123-24 (1979). Attorney disciplinary proceedings are conducted by the ARDC completely separate and apart from judicial proceedings in which the alleged attorney misconduct occurred (*Reed Yates Farms, Inc. v. Yates*, 172 Ill. App. 3d 519, 530 (1988)), and any sanctions based on alleged professional misconduct must be addressed by the ARDC and not by the trial court (*Schnack v. Crumley*, 103 Ill. App. 3d 1000, 1007 (1982)). Additionally, recommendations made by the ARDC's hearing board are merely advisory, and the supreme court retains the ultimate responsibility for imposing discipline on attorneys. *In re Mulroe*, 2011 IL 111378, ¶ 25. Courts other than the supreme court may adjudicate matters touching on attorney discipline only when acting as agents of the supreme court upon direct order of that court. *Lustig v. Horn*, 315 Ill. App. 3d 319, 328 (2000) (citing *Ettinger v. Rolewick*, 140 Ill. App. 3d 295 (1986)).

¶ 47    Here, while plaintiff is correct that a void order is one that is entered by a court lacking the power to enter the judgment or where the order was produced by fraud and can be challenged at any time or in any court, either directly or collaterally (*Settlement Funding, LLC v. Brentson*, 2013 IL App (4th) 120869, ¶ 38), such review does not apply to this case.

¶ 48    In this case, plaintiff's complaint for fraud on the court really amounts to an attempt to have the ARDC's reports and recommendation, which ultimately led to his disbarment, reviewed by the circuit court. He does not present any support for his argument that the circuit court had the authority to review actions taken by the ARDC to investigate and prosecute the claim of attorney misconduct brought against him under the auspices of fraud on the court. Fraud on the court is generally limited to egregious conduct attacking the judicial machinery itself. *United States ex rel. Bonner v. Warden, Stateville Correctional Center*, 78 F.R.D. 344, 347 (N.D. Ill. 1978). While he frames this case as a fraud action, the relief sought is essentially a reversal of the ARDC's recommendation for disbarment to the supreme court. Such relief, regardless of the allegations in his complaint, is unavailable to him as a matter of law in any court other than the United States Supreme Court, as it would impermissibly encroach upon the indivisible power of our supreme court regarding matters of attorney discipline. See *In re General Order of March 15, 1993*, 258 Ill. App. 3d 13, 21-22 (1994). In short, the circuit court

- 11 -

had no power to hear the case, as it involved matters pertaining to attorney discipline that are explicitly reserved to our supreme court and by delegation to the ARDC. Accordingly, the dismissal of plaintiff's complaint with prejudice was warranted when the circuit court had no jurisdiction over the case as a matter of law, and the circuit court did not err in granting defendants' motion to dismiss. It follows then that plaintiff's motion to reconsider was also properly denied.

¶ 49                                              CONCLUSION

¶ 50      For the foregoing reasons, we affirm the orders of the circuit court of Cook County that (1) denied plaintiff's motion for disqualification of defense counsel, (2) granted defendants' motion to dismiss plaintiff's complaint where the circuit court's lack of subject-matter jurisdiction prevented review of the ARDC's reports and recommendations related to plaintiff's attorney disciplinary matter, and (3) denied plaintiff's motion to reconsider. The judgment of the circuit court is affirmed.

¶ 51      Affirmed.