**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240222-U

Order filed December 24, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| TIMOTHY P. HOSTER, | ) | Will County, Illinois, |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-24-0222 |
| | ) | Circuit No. 21 D 124 |
| and | ) | |
| | ) | Honorable |
| TIFFANY Y. HOSTER, | ) | David Garcia, |
| | ) | Judge, Presiding. |
| Respondent-Appellant. | ) | |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Anderson[1] and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The appellate court lacks jurisdiction to hear the issues raised on appeal.

¶ 2    Following a dissolution of marriage proceeding, the respondent, Tiffany Hoster, appealed the judgment of dissolution. While the appeal was pending, Timothy Hoster filed a motion seeking to stay the enforcement of a maintenance award until the judgment was enacted and the

---

[1] Justice Anderson was substituted on the panel. Justice Anderson did not participate in oral argument but has fully reviewed the briefs and record on appeal.

parties' property was divided. Tiffany's appeal was dismissed. However, the parties' property was not divided, and the stay remained in effect. Tiffany moved to lift the stay, and her motion was denied. Tiffany appealed.

¶ 3                                    I. BACKGROUND

¶ 4        Timothy filed a petition seeking dissolution on January 19, 2021. A default dissolution was entered on April 7, 2021. On April 19, 2021, the default was vacated, and the case was continued to allow Tiffany time to obtain counsel. On September 30, 2021, Tiffany obtained counsel, but on July 18, 2022, Tiffany moved orally to discharge her attorney. She filed her *pro se* appearance on September 16, 2022.

¶ 5        On December 8, 2022, the case proceeded to hearing on Timothy's petition for dissolution. Tiffany represented herself at the hearing. On that date, the marriage between the petitioner and the respondent was dissolved. The judgment of dissolution provided, *inter alia*, (1) the parties' marital residence was to be listed for sale within thirty days, and the proceeds from the sale of the residence split equally between the parties, and (2) Timothy was ordered to pay $807.00 per month in maintenance. Tiffany filed several motions attacking the judgment, the last of which was filed on July 5, 2023. Tiffany appealed to this court on that date. However, Tiffany failed to file a brief, and the appeal was dismissed pursuant to our authority under Rule 375(a), which allows for dismissal when a party "wilfully fail[s] to comply with the appeal rules ***." Ill. S. Ct. R. 375(a) (eff. Feb. 1, 1994); *In re Marriage of Hoster*, No. 3-23-0312 (2023) (unpublished dispositional order).

¶ 6        While the appeal was still pending, Timothy moved to stay the maintenance award, arguing (1) the former marital residence had not been sold, (2) he was paying the mortgage, and (3) Tiffany's appeal had caused a delay in selling the former marital residence. The court granted

Timothy's motion on August 24, 2023, and stayed Timothy's maintenance payments. After Tiffany's appeal was dismissed, she filed a Petition for Rule to Show Cause alleging Timothy had failed to pay maintenance as ordered. Tiffany then sought to remove the stay of maintenance. Both parties also filed motions seeking to appoint realtors to effectuate the sale of the former marital residence.

¶ 7    On January 17, 2024, the court entered an order appointing a realtor and requiring the parties to cooperate in the sale of the former marital residence. On February 14, 2024, the court denied Tiffany's Petition for Rule to Show Cause and clarified that the stay would be lifted only once Tiffany vacated the former marital residence and established residence outside it. In discussing its ruling, counsel for Timothy observed the former marital residence was not "in showable condition" due to Tiffany's property remaining in the residence. The court told Tiffany she needed to "remove all the junk you have in the house," and, addressing Timothy's attorney, stated, "[i]f she doesn't remove it by the [end of the month], just throw it outside."

¶ 8    An order was entered on that date, which reflected the denial of Tiffany's Petition for Rule to Show Cause. The order further stated that Tiffany "shall remove all of her belongings and personal property items from the parties' former marital residence by 3/31/2024" and "the stay on [Timothy]'s maintenance payments shall recommence the 1st pay period *** after [Tiffany] has fully vacated and established her residence outside the former marital residence." The court did not enter a finding under Rule 304(a).

¶ 9    On March 12, 2024, Tiffany filed a Motion for Entry of a Qualified Domestic Relations Order (QDRO) and a Motion to Modify Order of February 14, 2024. On March 13, 2024, Tiffany filed a second motion seeking to modify and vacate the same order. On March 28, 2024, the circuit court denied her motions, and Tiffany appealed.

3

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, Tiffany claims the court misapplied the law when it (1) ordered the sale of the former marital residence, (2) divided the parties' marital property, (3) imposed a stay on Timothy's maintenance obligation, and (4) ordered her personal property to be thrown outside. Additionally, Tiffany requests we review whether the attorney she retained prior to trial "or any other attorneys" committed fraud in this case.

¶ 12        In response, Timothy has filed a motion to dismiss Tiffany's appeal, asserting this court no longer has jurisdiction to hear issues related to the original judgment, and any other issues raised by Tiffany are either not subject to appeal or not properly before this court.

¶ 13        We have an independent duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is lacking. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). The Illinois Constitution grants this court jurisdiction to hear appeals from final judgments of the circuit courts. Ill. Const. 1970, art VI, § 6. Absent an exception provided by the Illinois Supreme Court's rules, we are without jurisdiction to review judgments, orders, or decrees that are not final. *In re Marriage of Arjman*, 2024 IL 129155, ¶ 19. "An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). Claims previously raised and dismissed are also barred on subsequent appeals. *Fernandez v. Motorola Solutions, Inc.*, 2024 IL App (1st) 220884, ¶ 38.

¶ 14        "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *In re B.G.*, 407 Ill. App. 3d 682, 686 (2011). For *res judicata* to apply,

4

three requirements must be satisfied: "(1) the rendition of a final judgment on the merits by a court of competent jurisdiction; (2) the existence of an identity of cause of action; and (3) the parties or their privies are identical in both actions." *Id*. at 687. Further, "[*r*]*es judicata* bars not only what was actually decided in the first action but also whatever could have been decided." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008).

¶ 15    Tiffany's first appeal was dismissed for failure to comply with the rules of appellate procedure, *i.e.*, her failure to file a brief. "The failure to comply with the rules is not an inconsequential matter and may justify *** dismissing the appeal." *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30. The subject of Tiffany's first appeal was the judgment of dissolution entered on December 8, 2022, and any claims seeking to challenge that judgment are now barred by *res judicata*. See *In re Marriage of Lehr*, 317 Ill. App. 3d 853, 860 (2000) ("[*r*]es *judicata* bars the relitigation of an issue between the same parties after a final judgment on the merits has been rendered by a court of competent jurisdiction.")

¶ 16    Even if Tiffany had not appealed the original judgment of dissolution, her appeal of those issues is no longer timely. An appeal must be taken within thirty days of the judgment or within thirty days of any timely posttrial motion directed against the judgment. Il. S. Ct. R. 303(a) (eff. July 1, 2017). Tiffany has not filed any motions or petitions attacking the original judgment of dissolution since July 5, 2023. Thus, Tiffany's first two claims, which deal with the original judgment of dissolution, are both untimely and barred by *res judicata*, and must be dismissed.

¶ 17    Tiffany's next two claims concern postdissolution matters: the modification of maintenance, and the disposition of her personal property. Following the entry of a judgment of dissolution, postdissolution matters constitute separate claims for purposes of appellate jurisdiction. *In re Marriage of Crecos*, 2021 IL 126192, ¶ 45. Such claims, once final, are

appealable only once the court enters a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. March 8, 2016). Rule 304(a) allows a party to appeal a final judgment "only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a).

¶ 18        In general, maintenance is modifiable following a petition seeking modification and a showing of a substantial change in circumstances. 750 ILCS 5/510(a) (West 2022); *In re Marriage of Gray*, 314 Ill. App. 3d 249, 253 (2000). The court must then consider the factors set forth in sections 510(a-5) and 504(a) of the Illinois Marriage and Dissolution of Marriage Act (Act). 760 ILCS 5/504(a), 510(a-5) (West 2022); *In re Marriage of Osseck*, 2021 IL App (2d) 200268, ¶ 65. Maintenance is modifiable on a temporary basis prior to the entry of a judgment for dissolution, and such temporary modifications are not considered final and appealable. See *In re Marriage of Zymali*, 94 Ill. App. 3d 1145, 1147 (1981). By contrast, postdissolution maintenance modifications are generally considered final and appealable orders. *Osseck*, 2021 IL App (2d) 200268, ¶ 45.

¶ 19        At the outset, we decline to consider the court's statements regarding the disposition of Tiffany's property. Such statements, while potentially inadvisable, were never incorporated into an order, much less a final and appealable order, and thus are beyond our jurisdiction to consider. See *Arjmand*, 2024 IL 129155, ¶ 19 (our jurisdiction extends only to final and appealable orders). The court's written order merely indicated that Tiffany was to "remove all of her belongings and personal property items from the parties' former marital residence by 3/31/2024." The court's written orders also stayed Timothy's maintenance payments, first during the pendency of the appeal and, later, pending Tiffany's compliance with the court-ordered sale of the former marital residence. However, our review of the record suggests the court did not

6

intend these orders to stand as a final modification of maintenance. The court made no findings as to whether a substantial change in circumstances had occurred. Nor did the court consider the factors contained in sections 510(a-5) and 504(a), which must be considered in all proceedings involving the modification of maintenance. *Id.* ¶ 65; 750 ILCS 5/510(a-5) (West 2022). Finally, the court made no provisions for whether the unpaid maintenance would be held in escrow, repaid at a later date, or whether the overall length of maintenance would be modified because of the court-ordered stay. In short, the court's order did not "dispose of the rights of the parties." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 25.

¶ 20        Most importantly, however, the court did not enter a finding under Rule 304(a), declaring any of its orders final and appealable. As our supreme court observed in *Crecos*:

> " 'Where a party files one postdissolution petition, several more are likely to follow. Allowing or requiring parties to appeal after each postdissolution claim is resolved would put great strain on the appellate court's docket and impose an unnecessary burden on those who would prefer not to appeal until the trial court resolves all pending claims. To be sure, justice may on occasion require that a final order disposing of a claim be immediately appealed, rather than held at bay until another pending postdissolution claim is resolved. Yet, Rule 304(a) accommodates those circumstances: the trial court need only enter a Rule 304(a) finding.' " *Crecos*, 2021 IL 126192, ¶ 44 (quoting *In re Marriage of Treymour & Mostafa*, 2017 IL App (1st) 161091, ¶ 39).

Even if we regarded the order staying Timothy's maintenance obligation as a final order, we are without jurisdiction to consider it absent a Rule 304(a) finding. Consequently, Tiffany's

third and fourth claims, which attack the postdissolution proceedings but do not attack an order containing a Rule 304(a) finding, must also be dismissed. *Id*. ¶ 45.

¶ 21 Finally, Tiffany raises, for the first time on appeal, the argument that the attorney she retained prior to trial did not appear at trial and was later sanctioned by the supreme court for similar actions in other cases. Tiffany fails to indicate how she was prejudiced by her attorney's actions or how such prejudice, if any, conveys jurisdiction upon this court.

¶ 22 The record indicates that Tiffany's attorney was discharged from the case on her own motion on July 18, 2022, and she proceeded to hearing without objection. Those actions waived any objection to her attorney's withdrawal. See *In re Marriage of Miller*, 273 Ill. App. 3d 64, (1995) (court's error in allowing counsel to withdraw waived by appellant where she proceeded to hearing without objection). The question of whether Tiffany's attorney acted fraudulently by failing to deliver services is a matter best determined by the Attorney Registration and Disciplinary Commission (ARDC). ARDC investigations occur "completely separately and apart from judicial proceedings in which the alleged attorney misconduct occurred." *Metzger v. Brotman*, 2021 IL App (1st) 201218, ¶ 46. Except under circumstances that do not apply here, we have no authority to adjudicate matters related to attorney discipline. *Id*.

¶ 23 In sum, we are without jurisdiction to consider any of the issues raised by Tiffany's appeal. Accordingly, we are obligated to dismiss the appeal in its entirety. See *Archer Daniels Midland Co.*, 103 Ill. 2d at 539.

¶ 24                                   III. CONCLUSION

¶ 25 For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

¶ 26 Appeal dismissed.